*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

NICHOLAS GARDNER,

　　　　　Defendant-Appellant.

UNPUBLISHED
April 16, 2019

No. 338800
Wayne Circuit Court
LC No. 16-010438-01-FC

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Nicholas Gardner, appeals as of right his jury trial convictions for two counts of assault with intent to do great bodily harm less than murder, MCL 750.84, one count of carrying a concealed weapon, MCL 750.227, one count of felon in possession of a firearm, MCL 750.224f, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In November 2016, Gardner attended a party at a house on Joy Road in Detroit, Michigan. According to the prosecution's theory of the case, Gardner had a gun that he set on the ground while receiving a dance from an exotic dancer. The gun ended up in the hands of another partygoer. Later, Gardner got into an argument with the woman hosting the party because she did not want him to smoke a tobacco cigarette in her house. During the argument, Gardner hit her in the face. The woman attempted to hit Gardner and the argument or altercation moved outside where a fight broke out between some of the partygoers, including Gardner, who was knocked down at least one time. When he got up, he asked for his gun from another person and began shooting. A man was shot in the ankle, and a woman was shot in the breast. The defense theory was that, although present at the party, Gardner did not have a gun. Instead, when the fight moved outside, he heard gunshots from "further down the street," so he ran away.

## II. OPINION TESTIMONY

### A. STANDARD OF REVIEW

Gardner argues that the trial court abused its discretion by admitting a police officer's opinion testimony that in a video taken at the party, he could see the outline of a gun on the hip of a man in a white shirt. Other witnesses identified Gardner as the man in the white shirt. At trial, Gardner's lawyer objected to the officer's testimony, contending that what the video showed should be "left for the jury" and that the officer was "not qualified to testify about anything about what happened in the video." Following a bench conference on the objection, the trial court permitted the officer to testify with regard to what he observed in the video. Accordingly, the issue is preserved for review. See *People v Gains*, 306 Mich App 289, 306; 856 NW2d 222 (2014) (stating that an evidentiary issue is preserved if the defendant objects to that particular issue in the trial court and raises the same basis for the objection on appeal).[1] Challenges to a court's decision to admit evidence are reviewed for an abuse of discretion. *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011).

### B. ANALYSIS

Under the Michigan Rules of Evidence, a witness can give either expert opinion testimony under MRE 702 or lay opinion testimony under MRE 701. In this case, the prosecution sought to admit the officer's testimony as lay opinion testimony.[2] Opinion testimony from a lay witness is "largely based on common sense" and does "not involve highly specialized knowledge." *People v McLaughlin*, 258 Mich App 635, 658; 672 NW2d 860 (2003). MRE 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Additionally, such testimony must not "invade the province of the jury." *People v Fomby*, 300 Mich App 46, 52; 831 NW2d 887 (2013).

---

[1] Gardner argues that his trial lawyer was ineffective for failing to object to the officer's lay opinion testimony. However, because his lawyer did, in fact, object to the testimony his contention is without merit.

[2] On appeal, the prosecution suggests that the officer's testimony was admissible as either an expert or a lay opinion. However, because the testimony was admitted as a lay opinion, we decline to address whether the testimony could have also been admissible as expert opinion testimony.

The officer's testimony satisfied the first two requirements under MRE 701. His testimony was rationally based on what he observed when watching the video, and his opinion testimony was helpful to determine a fact in issue—whether the man wearing white had a gun.[3] Nevertheless, Gardner argues that the testimony was improper because it invaded the province of the jury. A witness's testimony that expresses an opinion on the defendant's guilt or innocence can constitute an invasion of the province of the jury. *Id*. at 53. In *Fomby*, this Court concluded that lay opinion testimony did not invade the province of the jury because the lay witness was "in the best position to identify the individuals in the photographs as being the same as those depicted in the video" and because the witness did not express an opinion as to the defendant's guilt or innocence. *Id*. Gardner argues that the officer was not in a better position than the jurors to identify whether he had a gun on him in the video. However, the officer did not identify Gardner as the individual in the video; that link between Gardner and the video was drawn by other witnesses. Furthermore, the officer was in a better position than the jury to determine whether the man in white depicted in the video had a gun under his clothing. The officer testified that he had observed "[w]ell over a hundred" individuals with guns under their clothing, so he was able to immediately notice the gun. In sum, because the officer did not identify Gardner as being depicted in the video and did not offer an opinion as to whether Gardner was guilty or innocent of the charged offenses, his testimony did not invade the province of the jury. See *id*.

Affirmed.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly

---

[3] Other witnesses identified Gardner as the individual wearing white in the video. They also testified that he had a gun before the shooting.